**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dupree D. Sharp,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>　　　　Defendant. | No. CV-05-3837-PHX-DGC (MEA)<br><br>**ORDER** |

Plaintiff commenced this action by filing a pro se civil rights complaint against Defendant on November 28, 2005. Dkt. #1. United States Magistrate Judge Mark Aspey has filed a report and recommendation ("R&R"). The R&R recommends that the Court dismiss this action without prejudice. Dkt. #6. The Court will accept the R&R.

Plaintiff was warned that his failure to effect service of process on Defendant within 120 days of the filing of the complaint would result in dismissal of the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Dkt. #3 ¶ 6. When Plaintiff failed to timely serve Defendant, the Court gave Plaintiff until April 21, 2006 to show cause why the case should not be dismissed. Dkt. #5. Plaintiff did not respond to the order to show cause. Nor has Plaintiff completed service on Defendant.

The R&R recommends that the complaint be dismissed for Plaintiff's failure to serve Defendant as required by Rule 4 and the Court's Orders. Dkt. #6 at 2. A copy of the R&R was mailed to Plaintiff on July 2, 2007, and was returned as undeliverable. Dkt. #7.

1  The Court has the inherent power to dismiss a case for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the District Courts." *Id.* In determining whether Plaintiff's failure to prosecute warrants dismissal of this action, the Court must weigh five factors: the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to Defendant, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first three factors favor dismissal of this case. The Court explicitly warned Plaintiff that this case would be dismissed if he failed to serve Defendant. Dkt. #3 ¶ 6; *see* Fed. R. Civ. P. 4(m); *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). The Court further warned Plaintiff that he had an affirmative duty to keep the Court apprised of his current location and that the failure to do so may result in dismissal of the action. Dkt. #3 ¶ 13; *see Carey*, 856 F.2d at 1441 ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Plaintiff's failure to serve Defendant and failure to keep the Court informed of his location prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Another "order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441. The Court finds that the least drastic available sanction is a dismissal without prejudice.

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Dkt. #6) is **accepted**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    2.    This action is **dismissed** without prejudice.

DATED this 20th day of July, 2007.

_____
David G. Campbell
United States District Judge